**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PG PUBLISHING, INC. d/b/a/      )
PITTSBURGH POST-GAZETTE,     )
                                )
           Plaintiff,        )    Civil Action No. 20-236
                                )
     v.                      )
                                )    Judge Marilyn J. Horan
THE NEWSPAPER GUILD OF      )    Magistrate Judge Lisa Pupo Lenihan
PITTSBURGH, COMMUNICATION   )
WORKERS OF AMERICA, AFL-CIO   )
LOCAL 38061,                 )
                                )
          Defendant.      )

## OPINION

     This case was originally referred to United States Magistrate Judge Lisa Pupo Lenihan

for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A)

and (B), and Rule 72 for the Local Rules for Magistrate Judges.  On September 14, 2020, the

Magistrate Judge issued a Report and Recommendation, recommending that the Defendant's

Motion to Dismiss be granted.  (ECF No. 34).  The parties were informed that written objections

to the Report and Recommendation were due by September 28, 2020.  (ECF No. 34).  Plaintiff,

PG Publishing, filed timely written Objections.  (ECF No. 35).  Defendant, The Newspaper

Guild of Pittsburgh, Communication Workers of America, AFL-CIO Local 38061 (Union), filed

Responses to PG Publishing's Objections.  (ECF No. 36).  For the reasons that follow, and after

*de novo* review, the Court finds that PG Publishing's Objections do not undermine the

recommendation of the Magistrate Judge.  The Court will adopt the Report and Recommendation

as the opinion of the Court.  Defendant's Motion to Dismiss will be granted, the Court will enter

an order enforcing the Arbitration Award, and Plaintiff's Motion for Summary Judgment will be

denied as moot.  Defendant is further directed to provide a legal basis for its entitlement of attorney's fees by separate motion.

## I.     DISCUSSION

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). PG Publishing has articulated seven Objections to the Magistrate Judge's Report and Recommendation.  Initially, the Court finds no error in the Magistrate Judge's application of the standard of law.  As for the specific Objections, each will be addressed in turn.

### A.  Objections to Dismissal on Statute of Limitations Grounds

#### 1.  Failure to Apply Federal Arbitration Act

PG Publishing objects, arguing that the Federal Arbitration Act (FAA), and its more lenient statute of limitations period, should have been applied in this action to vacate the Arbitration Award.  (ECF No. 35 at 8).  Our Third Circuit has determined that the LMRA's (Labor Management Relations Act) statute of limitations period rather than the FAA's statute of limitations, should apply in actions to vacate a labor dispute arbitration award.  *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 944 F.2d 1047, 1060-61 (3rd Cir. 1991).  The Magistrate Judge correctly applied the LMRA statute of limitations rather than the longer statute of limitations from the FAA.  (ECF No. 34 at 12).  As such, PG Publishing's Objection, that the Report and Recommendation applied the incorrect statute of limitations, will therefore be overruled.

#### 2.  Lawsuit Was Timely Under the Complete Arbitration Rule

PG Publishing's next objects that the statute of limitations period should begin to toll from January 21, 2020, the date of the Arbitrator's written Opinion, rather than from the

December 30, 2019 date of the award determination.  (ECF No. 35 at 10).  Under the Third

Circuit's Complete Arbitration Rule, a court cannot confirm or vacate an arbitration award until

the arbitrator has made a final and binding determination.  *Verizon Pa. LLC v. Commc'ns*

*Workers of Am.*, 216 F.Supp.3d 530, 533-34 (E.D. Pa. 2016).  The Magistrate Judge found that

the parties had agreed that the Arbitrator would issue a binding arbitration award by email before

the end of 2019 and that he would then issue a written opinion at a later date.  (ECF No. 34 at

15).  The Magistrate Judge also determined, and the record supports, that the Arbitrator intended

his email award to be his final and binding determination of the issues.  (ECF No. 34 at 18).

Therefore, based upon the parties' prior agreement, Judge Lenihan was correct in determining

and recommending that the statute of limitations began tolling on December 30, 2019.  (ECF No.

34 at 16).  PG Publishing's Objection, that this lawsuit was timely under the Complete

Arbitration Rule, is thus overruled.

### 3.  Impermissible Factual Findings

PG Publishing argues that the Magistrate Judge made an impermissible factual finding

regarding the finality of the Arbitrator's December 30, 2019 email award.  (ECF No. 35 at 13-

14).  In its Objection, PG Publishing incorrectly relies on cases that applied the legal standard for

a 12(b)(6) motion to dismiss for a failure to state a claim, rather than considering cases that

involved a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  (ECF No. 35 at 13-

14).  The statute of limitations period must be evaluated under the 12(b)(1) standard, because if

the limitations time period had expired prior to the commencement of the lawsuit, this Court

lacks subject matter jurisdiction over the present action.  *Wright v. United States*, 2014 WL

1910498, *1-2 (M.D. Pa. May 13, 2014).

In evaluating a factual attack to subject matter jurisdiction, the court is permitted to look at evidence from outside of the pleadings, since a 12(b)(1) motion involves the court's "power to hear the case." *Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 464 (3d Cir. 2013) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  If the factual issue in dispute involves a material fact to the case, then "the court must conduct a plenary hearing on the contested issues." *Lincoln Benefit Life Co. v. AEI Life*, *LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  The Third Circuit Court of Appeals has found, however, that a district court judge's factual determination in a 12(b)(1) motion will be upheld if the plaintiff failed to request an evidentiary hearing on the factual dispute before the court has issued its decision on the motion to dismiss. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290-91 (3d Cir. 2006). PG Publishing did not request an evidentiary hearing regarding any factual dispute concerning the terms of the agreement for the timing of the issuance of the Arbitrator's binding decision.  As such, Judge Lenihan properly decided the 12(b)(1) issue and facts germane thereto based upon the record.

In this case, the 12(b)(1) standard of review should be applied, because the issue is one of subject matter jurisdiction.  Judge Lenihan made factual determinations in order to decide whether this District Court has subject matter jurisdiction to hear the claim.  The issue at hand was not about the substantive merits of PG Publishing's claim against the Union, where a 12(b)(6) analysis would apply.  (ECF No. 34 at 15-17).  The statute of limitations determines whether the District Court has subject matter jurisdiction to hear this case.  Again, the record supports Judge Lenihan's factual finding of the date of the final decision and her recommendations concerning this Court's lack of subject matter jurisdiction.  Thus, PG

Publishing's Objection, that the Magistrate Judge made an impermissible factual finding

regarding the finality of the December 30, 2019 Arbitration Award, is overruled.

### B.  Objections to Dismissal on Substantive Grounds

#### 1.  Magistrate Judge's Recommendation Conflicts with the National Labor Relations Board's Prior Decision

PG Publishing's next Objection argues that the Magistrate Judge erred in recommending

that the Arbitration Award and Opinion do not conflict with the August 22, 2019 National Labor

Relations Board (NLRB) decision.  (ECF No. 35 at 14).  The Union, however, correctly noted in

its Response that the NLRB proceeding was a different action and involved different issues from

the issues submitted to the Arbitrator.  (ECF No. 36 at 11).  The NLRB decision evaluated the

Collective Bargaining Agreement in light of federal labor laws and assessed unfair labor

practices.  The Arbitration Award and Opinion concerned contract interpretation and the specific

question of whether the terms of the Collective Bargaining Agreement required continued

increase in healthcare contributions by PG Publishing.  (ECF No. 34 at 29).  As Judge Lenihan

explained in her Report and Recommendation, the NLRB's decision, concerning unfair labor

practices, "was both distinct from and legally compatible with . . . the Arbitrator's

determination."  (ECF No. 34 at 29).  In addition, because courts and arbitrators are the primary

authorities for contract interpretation, the NLRB's decision about unfair labor practices, which

involved determinations about the Collective Bargaining Agreement, is not binding on the

Arbitrator and his role to interpret the collective bargaining agreement.  *Litton Fin. Printing Div.*

*v. NLRB*, 501 U.S. 190, 202-203 (1991).  Therefore, PG Publishing's Objection is overruled.

#### 2.  Arbitration Award Violates the Labor Management Relations Act

PG Publishing's next Objection argues that the Arbitration Award should be vacated on

public policy grounds because it violates Section 302 of the LMRA's detailed "written

agreement" requirement.  (ECF No. 35 at 18).  It claims that there is insufficient written basis in the expired Collective Bargaining Agreement to pay increased healthcare contributions after 2017.  (ECF No. 35 at 18).

Under Section 302 of the LMRA it is illegal for an employer to make payments to a labor organization unless "the detailed basis on which such payments are to be made is specified in a written agreement with the employer."  29 U.S.C. § 186(c)(5)(B).  The LMRA has a strong public policy in "promoting labor peace and stability."  *Mack Trucks, Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 671 F.Supp. 1027, 1033 (E.D. Pa. 1987). The courts, however, also recognize a strong public policy to uphold arbitration decisions, and such decisions must stand unless they violate an explicit, well-defined public policy.  *Kinder Morgan Bulk Terminals, Inc. v. United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 9 F.Supp.3d 507, 515 (E.D. Pa. Apr. 4, 2014).

In this case, the Arbitrator found that the Collective Bargaining Agreement required PG Publishing to increase its contributions based upon his interpretation of the contract and the past practice between the parties.  (ECF No. 1-3 at 18).  The Magistrate Judge correctly found that an expired Collective Bargaining Agreement is routinely held to satisfy the LMRA's detailed written basis requirement.  (ECF No. 34 at 30).  Although there is a well-defined public policy under the LMRA to promote labor peace and stability, the Arbitrator's decision does not violate that public policy because there was sufficient written basis within the Collective Bargaining Agreement in support of his decision.  The Magistrate Judge's recommendation was correct that the Collective Bargaining Agreement was sufficiently detailed to support the Arbitration Award. (ECF No. 34 at 30-31).  Thus, PG Publishing's Objection is overruled.

### 3.   Arbitration Award Violates Federal Arbitration Act

PG Publishing's next Objection argues that, because the Arbitration Award manifestly disregards Section 302 of the LMRA, it can be vacated under the FAA.  (ECF No. 35 at 22-23).  As discussed above, the Magistrate Judge correctly recommended that the Arbitration Award should not be vacated under the FAA because it does not violate Section 302 of the LMRA.  (ECF No. 34 at 31).  A district court may vacate an arbitration decision under the FAA where the decision "evidences manifest disregard for the law."  *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003) (quoting *Local 863 Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985)).  The expired Collective Bargaining Agreement satisfied the sufficiently detailed writing requirement of Section 302(c)(5) of the LMRA; therefore, the Arbitrator's decision, interpreting the Collective Bargaining Agreement, did not manifestly disregard the LMRA, and it cannot be vacated under the FAA.  Thus, PG Publishing's Objection is overruled.

### 4.   Arbitration Award Fails to Draw Its Essence from the Collective Bargaining Agreement

PG Publishing's final Objection argues that the Arbitration Award should be vacated because it did not draw its essence from the Collective Bargaining Agreement.  (ECF No. 35 at 24).  As discussed above, a court's review of an arbitration award is extremely limited.  *Composition Roofer Local 4 Pension Fund v. J. Murphy Roofing & Sheet Metal, Inc.*, 2013 WL 4876092, at *3 (D.N.J. Sept. 11, 2013).  A court can, however, vacate an arbitration award where it fails to "draw[] its essence from the collective bargaining agreement."  *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).

The Arbitration Award was based upon the Arbitrator's interpretation of the Collective Bargaining Agreement. (ECF No. 1-3 at 18). His decision was based upon both contract interpretation and the past practice of the parties. (ECF No. 1-3 at 18). From her review of the record, the Magistrate Judge correctly recommended that the Arbitrator did not exceed his authority in reaching his arbitration decision. (ECF No. 34 at 31-33). Because the Arbitrator drew his decision from the essence of the Collective Bargaining Agreement, PG Publishing's Objection is overruled.

## II.      CONCLUSION

Following a thorough review of the record, this Court concurs with and accepts the Report and Recommendation. Therefore, the Union's Motion to Dismiss will be granted with prejudice. Further, as recommend by Judge Lenihan, the Court will enter an order for enforcement of the Arbitration Award. PG Publishing's Motion for Summary Judgment will be denied, as moot. The Union is further directed to provide by separate motion a legal basis entitling it to claim attorney's fees. A separate order, pursuant to Federal Rule of Civil Procedure 58, will follow.

DATE: December 3rd 2020

Marilyn J. Horan
United States District Judge

cc:      Honorable Lisa Pupo Lenihan
         United States Magistrate Judge

         All Counsel of Record Via CM-ECF

8