PG PUBLISHING, INC. d/b/a/       )
PITTSBURGH POST-GAZETTE,     )
                                       )
            Plaintiff,         )    Civil Action No. 20-236
                                       )
      v.                     )
                                     )    Judge Marilyn J. Horan
THE NEWSPAPER GUILD OF     )    Magistrate Judge Lisa Pupo Lenihan
PITTSBURGH, COMMUNICATION   )
WORKERS OF AMERICA, AFL-CIO   )
LOCAL 38061,                )
                                     )
           Defendant.       )

## <u>OPINION OF THE COURT</u>

      Three Motions for Post-Judgment Relief, presently before this Court, arise from a labor dispute between the Pittsburgh Post-Gazette and The Newspaper Guild of Pittsburgh, Communication Workers of America, and AFL-CIO Local 38061 (the Union). The parties disputed the level of healthcare benefits owed to the Union members under a November 7, 2014 Collective Bargaining Agreement.

      Per the Collective Bargaining Agreement, beginning on January 1, 2015, Union members were to receive health insurance benefits through the Western Pennsylvania Teamsters and Employers Welfare Fund (the Fund). (ECF No. 1, ℙ 7). The Post-Gazette agreed to contribute $1,229 per month per member, during fiscal year 2015, which covered the entire cost of the members' health care insurance. (ECF No. 1, ℙ 11). The Post-Gazette also agreed to pay 5% of any rate increases for the years 2016 and 2017, and the Union members agreed to pay for any additional health insurance costs for said years. (ECF No. 1, ℙ 11). The November 7, 2014 Collective Bargaining Agreement expired on March 31, 2017, before the parties had negotiated and agreed upon any new contract. (ECF No. 1, ℙ 5). The Collective Bargaining Agreement, however, contained an Evergreen Clause, which stated "[t]he terms and conditions of this

Agreement shall remain in effect as long as negotiations continue." (ECF No. 1, Exhibit 1-1 at 41). Thus, the expired Collective Bargaining Agreement was to remain in effect until the parties were able to reach a new agreement. (ECF No. 1, Exhibit 1-1 at 41).

For 2016, the Fund announced a 5.9% contribution rate increase. (ECF No. 1, ¶ 14). The Post-Gazette paid the first 5% of the rate increase, as per the Collective Bargaining Agreement. (ECF No. 1, ¶ 14). For 2017, the Fund announced an additional 5% rate increase, which the Post-Gazette also paid per the Collective Bargaining Agreement. (ECF No. 1, ¶ 15). For 2018, the Fund again announced another 5% increase in the cost of health insurance. (ECF No. 1, ¶ 16). However, the Post-Gazette refused to pay the 2018 increases or any further increased health insurance costs, because it interpreted the Collective Bargaining Agreement to only require it to pay the first 5% of any cost increases for 2016 and 2017, as specified in Article XX of the Collective Bargaining Agreement. (ECF No. 1, ¶¶ 16, 18).

On January 5, 2018, the Union filed an unfair labor practice charge with the National Labor Relations Board alleging that the Post-Gazette was in violation of the National Labor Relations Act by refusing to pay the 2018 rate increases. (ECF No. 34 at 5). The Union argued that payment of said increases was required under the Evergreen Clause of the Collective Bargaining Agreement. An Administrative Law Judge found for the Union; but, on appeal, a three-member panel of the NLRB reversed the holding, finding no unfair labor practice by the Post-Gazette. (ECF No. 34 at 5, 25).

In October 2018, the parties participated in arbitration pursuant to the Collective Bargaining Agreement's grievance process. (ECF No. 1, ¶ 25). The Union submitted the following relevant question to the Arbitrator: "Did the Company violate the parties' collective bargaining agreement by failing to maintain the agreed-upon health care benefits established in

Article XX and as set forth in Exhibit B of the agreement?"  (ECF No. 1, Exhibit 1-3 at 4).  And

the Post-Gazette submitted this question to the Arbitrator: "Did the Company comply with the

collective bargaining agreement when it paid its contributions to the Fund for the years 2015,

2016, and 2017, but not thereafter?"  (ECF No. 1, Exhibit 1-3 at 4).  In his decision, the

Arbitrator answered these questions as follows:

> (2) The grievance is upheld. The Company violated the parties' collective
> bargaining agreement by failing to maintain the agreed-upon health care benefits
> established in Article XX and as set forth in Exhibit B of the agreement.

> (3) The Company is directed to pay the amount necessary to maintain the specific
> health insurance benefit levels set forth therein (ie., all increases that may be
> required to keep the contractual level of benefits), subject to and until a new
> collective bargaining agreement is negotiated and reached between the parties.

> (4) Employees shall be made whole for any out-of-pocket monies paid as a result
> of the Company's failure to maintain the contractual level of benefits.

(ECF No. 1, Exhibit 1-3 at 21-22).

After the Arbitrator issued his decision, the Post-Gazette filed its Complaint to Vacate

Arbitration Award before this Court.  (ECF No. 1).  The Union filed a Counterclaim for

Enforcement of Arbitration Award.  (ECF No. 14).  The case was referred to Magistrate Judge

Lisa Pupo Lenihan, who issued a Report and Recommendation on September 14, 2020.  (ECF

No. 34).  Judge Lenihan recommended that the Arbitration Award be confirmed and enforced.

(ECF No. 34 at 33).  The Post-Gazette filed timely Objections to said Report and

Recommendation.  (ECF No. 35).  On December 3, 2020, this Court issued an Opinion and

Order adopting Judge Lenihan's Report and Recommendation.  (ECF Nos. 37, 38).  On

December 7, 2020, the Post-Gazette filed an appeal with the Third Circuit Court of Appeals, and

said appeal remains pending.  (ECF No. 39).

In the meantime, since before the November 7, 2014 Collective Bargaining Agreement expired, the parties have negotiated, without success, to agree upon a new Collective Bargaining Agreement.  (ECF No. 47 at 3).  On September 1, 2020, ten days before Judge Lenihan filed her Report and Recommendation, the Post-Gazette declared a bargaining impasse, whereupon it reportedly changed 17 terms of the November 7, 2014 Collective Bargaining Agreement.  (ECF No. 47 at 3).  One change terminated Fund insurance coverage and initiated insurance coverage through the Post-Gazette's own health plan.  (ECF No. 47 at 3).  The Union has filed an unfair labor charge with the NLRB pursuant to the NLRA, challenging the Post-Gazette's declaration of impasse and its actions regarding health insurance coverage.  (ECF No. 47 at 3).  The Union's unfair labor charge is currently pending before the NLRB.  (ECF No. 47 at 3).

Presently, pending before this Court is the Post-Gazette's Motion to Stay Execution of Judgment Pending Appeal.  (ECF No. 41).  In addition, the Union has filed a Motion for Civil Contempt and a Motion to Strike Plaintiff's Motion to Stay Execution of Judgment Pending Appeal.  (ECF Nos. 43, 45).  Each of these three Motions have been fully responded to and briefed.  (ECF Nos. 42, 44, 46, 47, 48, 51, 55, 58, 61).  Because the three motions are interrelated, the Court will address and decide all three motions in this Opinion and Order.

In its Motion to Stay, the Post-Gazette requests this Court stay its judgment pending appeal pursuant to Federal Rule of Civil Procedure Rule 62(b).  (ECF No. 41 at 1).  The Post-Gazette has offered to deposit a $200,000.00 supersedeas bond as security.  (ECF No. 41 at 1). The Union has filed its Response and a Motion to Strike the Post-Gazette's Motion to Stay.  The Union argues that the December 3, 2020 judgment against the Post-Gazette includes injunctive relief, such that the Post-Gazette's Motion to Stay should be brought and evaluated under Rules 62(c) and (d).  (ECF No. 42 at 11, No. 45, ¶ 2).  The Union further argues that the Post-Gazette's

offer of bond is insufficient to cover the Union members' future losses.  (ECF No. 42, ¶ 19).  The Union proposes a bond amount of $1,500,000.00.  (ECF No. 42, ¶ 19).

Federal Rule of Civil Procedure 62 provides the mechanism for a court to issue a stay of judgment pending appeal.  Pursuant to Federal Rule of Civil Procedure Rule 62(b), a party "may obtain a stay by providing a bond or other security."  The bond is considered sufficient protection "if it covers the judgment in full (plus costs and interest) and remains in force through post-trial and appellate proceedings."  *Richardson v. Prisoner Transp. Servs. of Am.*, No. 3:15-cv-01061, 2019 WL 1003624, at *2 (M.D. Pa. Feb. 27, 2019).  Courts have held that "when an adequate bond is posted, a stay is appropriate."  *Borrell v. Bloomsburg Univ.*, No. 3:cv-12-2123, 2016 WL 3595794, at *3 (M.D. Pa. July 5, 2016).  And under Rule 62(b), "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

Rules 62(c) and (d) govern a request for a stay of an injunction.  Rule 62(c) states, "[u]nless the court orders otherwise, the following are not stayed after being entered, even if appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership."  Rule 62(d) states that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

The Union argues that the Post-Gazette incorrectly requests a stay under Rule 62(b) when Rules 62(c) and (d) should apply, because this Court's December 3, 2020 Opinion and Order provided for injunctive relief.  (ECF No. 46, ¶ 10).  The Union contends it is entitled to injunctive relief to obtain reinstatement of insurance coverage through the Fund.  Such relief

would involve analysis of the Post Gazette's Motion to Stay under Rules 62(c) and (d).  While the Collective Bargaining Agreement contains explicit language that references the Fund, the Arbitrator was not asked to interpret the Agreement to answer the question of whether the Post-Gazette was required to purchase the agreed upon health insurance benefits level exclusively through the Fund.  As discussed above, the question presented to the Arbitrator concerned the required benefits level under the November 7, 2014 Collective Bargaining Agreement.  As such, the Arbitration Award, as affirmed by the Magistrate Judge's Report and Recommendation and by this Court's Opinion and Order, did not interpret or decide Fund exclusivity in relation to the Evergreen Clause of the November 7, 2014 Collective Bargaining Agreement.  Therefore, injunctive relief to reinstate coverage to the Fund is not an injunction remedy provided for in this Court's December 3, 2020 Order.  The Union's Motion to Strike, based upon Rules 62(c) and (d), is denied.

In its Motion for Contempt, the Union argues the December 3, 2020 Court Order mandates that Union members be immediately reinstated into the Fund for insurance coverage. (ECF Nos. 43, 45).  In addition, the Union seeks a contempt ruling against the Post-Gazette, because it is providing Union members with health care insurance through its own plan rather than the Fund plan.  (ECF No. 43, ¶¶ 5, 8, 9).  As discussed above, neither the Arbitration Award nor the Court Order affirming the same interpreted or answered the issue of whether or not the November 7, 2017 Collective Bargaining Agreement required the Fund to be the exclusive source for health insurance benefits level.  As such, the Union's Motion for contempt is denied.

In addition, the Union's Motion for Contempt also contends that, because the Post-Gazette's declared an impasse in negotiations and thereafter changed insurance providers, the Post-Gazette is in contempt of this Court's December 3, 2020 Order.  However, neither the

Arbitrator nor this Court considered any such events.  Those events occurred after the record in this case was closed and pending Court decision.  "It is axiomatic that an arbitrator's role is to interpret the agreement and apply it to the facts presented."  *Malt Beverage Distribs., Inc.*, 120 BNA LA 113, 117 (Cipolla 2004).  "The Arbitrator cannot assume unpredictable future events as offered by the Union.  The Arbitrator is charged with the responsibility on what has happened to the Grievants and not what might happen to them in the future."  *TGS Tech.*, 99 BNA LA 988, 992 (Miller 1992).  This Court ruled that the Arbitrator properly interpreted the Collective Bargaining Agreement based upon the facts and questions presented to him, affirmed the Arbitrator's decision, and directed enforcement of the same.  The Post-Gazette's declaration of an impasse and other subsequent actions were not before the Arbitrator or the Court.  As such, and for this additional reason, the Union's Motion for Contempt is denied.

Furthermore, the post-Arbitration Post-Gazette actions and the Union's NLRA unlawful labor practice charge against the Post-Gazette are all currently under review by the NLRB.  As such, this Court is preempted from making any determinations concerning the same.  *San Diego Bldg. Trades Council, Millmen's Union v. Garmon*, 359 U.S. 236, 244-45 (1959).  As the United States Supreme Court has explained, the "courts are not primary tribunals to adjudicate [NLRA] issues.  It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board."  *Id.*  Thus, this Court is preempted from making any determinations of whether the Post-Gazette committed an unfair labor practice in declaring an impasse and in removing the Union members from the Fund and placing them in its own health insurance plan.  That question presently belongs solely with the NLRB.  Accordingly, for this additional reason, the Union's Motion for Contempt is denied.

As regards the monetary aspect of this Court's December 3, 2020 Order, the Post-Gazette can properly bring its Motion to Stay the Execution of Judgment under Rule 62(b).  The Post-Gazette has offered to post a supersedeas bond of $200,000.00.  (ECF No. 41, ¶ 18).  Because this matter involves the enforcement of an arbitration award, the Post-Gazette alleges that it does not have knowledge of the precise amount of damages owed to the Union members.  (ECF No. 41, ¶ 17).  The Post-Gazette proposed bond is based upon the Union's calculation of approximately $46,000.00 in loss accrued between January 1, 2018 and April 22, 2020.  (ECF No. 41, ¶ 17).  The total proposed bond of $200,000.00 is intended to cover any loss in addition to the $46,000.00.  (ECF No. 41, ¶ 19).

The Union, on the other hand, argues that a bond amount of $1,500,000.00 is necessary to protect the Union members' interests.  (ECF No. 42, ¶ 19).  The Union calculation reflects both the monetary and injunction components of this Court's December 3, 2020 Order.  The Union's bond request also includes considerations of damages that the Union alleges will result from the Post-Gazette's actions in declaring an impasse and in changing Union members' health benefit insurance.  (ECF No. 42, ¶ 19).  As discussed above, the injunctive relief is not available for the Union to obtain reinstatement exclusively to the Fund.  Further, injunctive relief is not presently available to address the Arbitrator's Award and this Court's December 3, 2020 Order for post-September 1, 2020 health insurance benefits level because of the preemptive and pending unfair labor practice charges before the NLRB.

In light of the above and having considered both party's arguments, the Court holds that the $200,000.00 bond, at present, sufficiently provides protection for the amount of monetary damages that may be due to Union members from January 1, 2017 until September 1, 2020.  The

bond shall remain in effect until the earlier of any further order of court or until the conclusion of the presently pending appeal.

**IT IS SO ORDERED.**

Date: _2/8/2021_

Marilyn J. Horan
United States District Judge

cc: Honorable Lisa Pupo Lenihan
   United States Magistrate Judge

   All Counsel of Record Via CM-ECF